## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **8:06CR326** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND** |
| | ) | |
| EARL DEAN DECORY, | ) | **RECOMMENDATION** |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the motion to dismiss filed by defendant Earl Dean Decory (Decory) (Filing No. 14).  Decory was charged in the Indictment with sexual abuse from February 15, 2006 to June 27, 2006, on the Santee Indian Reservation in the District of Nebraska in violation of 18 U.S.C. §§ 1153 and 2243(a)(1) (Filing No. 8).  Decory sought to dismiss the Indictment for want of jurisdiction.  Prior to the hearing on the motion to dismiss, the Indictment was superseded by a Superseding Indictment which restated the aforementioned charge of sexual abuse on the Santee Indian Reservation in the District of Nebraska in violation of 18 U.S.C. §§ 1153 and 2243(a)(1) (Count I) and further charged Decory with incest on September 24, 2006, on the Santee Indian Reservation in the District of Nebraska (Count II) in violation of 18 U.S.C. §§ 13 and 1153 and §§ 28-105 and 28-703 of the Revised Statutes of the State of Nebraska.  Following his arraignment on the Superseding Indictment on December 22, 2006, Decory orally renewed the motion to dismiss as to the Superseding Indictment (TR. 5).

An evidentiary hearing was held on Decory's motion to dismiss on December 22, 2006.  During the hearing, the court received into evidence the following exhibits: Santee Sioux Tribe Resolution # 2001-12 (Exhibit 1); Nebraska Legislative Resolution 17 (Exhibit 2); Federal Register Notice of 2/15/06 (Exhibit 3); and Department of Interior Letter dated 7/22/02 (Exhibit 4).  No testimony was taken.  A transcript of the hearing (TR.) was filed on December 27, 2006 (Filing No. 25).

## DISCUSSION

In Count I, Decory is charged with being an Indian and committing sexual abuse of an underage Indian female on the Santee Indian Reservation in Nebraska on February 15, 2006.  In Count II, Decory is charged with being an Indian and committing incest on an Indian female on the Santee Indian Reservation in Nebraska on September 24, 2006. Decory challenges this court's jurisdiction of both offenses.

In 1953, Congress provided that the State of Nebraska would have civil and criminal jurisdiction over Indians in Indian country to the same extent as the State exercised jurisdiction in the rest of the state.  28 U.S.C. § 1360 and 18 U.S.C. § 1162.  In 1968, Congress authorized the United States to accept retrocession of any or all such jurisdiction by any state.  25 U.S.C. § 1323.  Further, President Johnson, by executive order, authorized the Secretary of Interior to accept such retrocession following the consultation with the Attorney General and such retrocession would become effective by publication of the notice in the Federal Register.  Executive Order No. 11435, November 13, 1968; 33 F. Reg. 17,339 (Nov. 21, 1968).  The tribal counsel consent for such retrocession of an Indian tribe will bind all members of the tribe.  ***Omaha Tribe of Neb. v. Village of Walthill***, 334 F. Supp. 823 (D. Neb. 1971), **aff'd** 460 F.2d 1327 (8th Cir. 1972), **cert. denied** 409 U.S. 1107 (1973).

The Santee Sioux Tribe of Nebraska consented to the retrocession of criminal jurisdiction from the State of Nebraska to the United States in Resolution # 2001-12, dated December 20, 2000, as follows:

> a.      Criminal jurisdiction over the Santee Sioux Reservation acquired by the State of Nebraska pursuant to P.L. 280 of 1953; PROVIDED THAT THE Santee Sioux Tribe shall have jurisdiction to prosecute Indian [sic] committing offenses involving the operations of motor vehicles on the public highways and roadways within the exterior boundaries of the Santee Sioux Reservation, and the State of Nebraska shall have jurisdiction to prosecute non-Indians committing similar offenses.

(Exhibit 1).

Subsequently, the Nebraska Legislature passed Legislative Resolution 17 on May 31, 2001, wherein:

>1.     That the Legislature retrocedes criminal and civil jurisdiction over the Santee Sioux Reservation acquired by the State of Nebraska pursuant to Public Law 280 of 1953, such retrocession to be effective at 12:01 A.M., July 1, 2001.

(Exhibit 2).

On July 22, 2002, the Secretary of the Interior consulted with the Attorney General by writing to the Attorney General and requesting the views of the Attorney General with respect to the restrocession of criminal jurisdiction over the Santee Sioux from the State of Nebraska to the United States.  (Exhibit 4).

On February 6, 2006, the Secretary of the Interior through an authorized delegate accepted retrocession to the United States civil and criminal jurisdiction over the Santee Sioux Nation which was acquired by the State of Nebraska pursuant to Public Law 83-280 effective at 12:01 a.m. CST on February 16, 2006.  The notice of such acceptance was published in the Federal Register.  71 Fed. Res. 7994-01 (Feb. 16, 2006).  (Exhibit 3). Accordingly, jurisdiction over criminal offenses committed on the Santee Sioux Reservation reverted to the United States effective February 16, 2006.

In his motion, Decory asserts the State of Nebraska did not effectively retrocede jurisdiction for criminal offenses to the United States (Filing No. 14).  Decory asked for an evidentiary hearing for the government to be put to its proof regarding such retrocession. The government presented evidence that the Santee Sioux Tribe consented to the retrocession (Exhibit 1), that the Nebraska Legislature passed an appropriate resolution retroceding jurisdiction (Exhibit 2), that the Secretary of the Interior consulted with the Attorney General regarding the retrocession (Exhibit 4), and that the Secretary of the Interior accepted the retrocession on behalf of the United States (Exhibit 3).  The proof offered by the United States satisfies the government's burden to establish jurisdiction. **See *United States v. Brown***, 334 F. Supp. 536 (D. Neb. 1971).  During the evidentiary hearing, counsel for Decory could point to no defect in the documentation presented by the government (TR. 9).

The court finds the government has established that criminal jurisdiction over offenses committed on the Santee Sioux Indian Reservation in Nebraska was retroceded to the United States effective February 16, 2006.  Accordingly, the court has jurisdiction

over Decory and the offenses as alleged in Counts I and II of the Superseding Indictment. Decory's motion to dismiss should be denied.

**IT IS RECOMMENDED TO SENIOR JUDGE LYLE E. STROM that:**

Decory's motion to dismiss (Filing No. 14) be denied.

**ADMONITION**

Pursuant to NECrimR 57.3 any objection to this Report and Recommendation shall be filed with the Clerk of the Court within ten (10) days after being served with a copy of this Report and Recommendation.  Failure to timely object may constitute a waiver of any objection.  The brief in support of any objection shall be filed at the time of filing such objection.   Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

DATED this 22nd day of January, 2007.

BY THE COURT:

 s/Thomas D. Thalken
United States Magistrate Judge